UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID MARK, Trustee, on behalf of the John G. Mark Trust, Plaintiff, v. DIMENSIONAL HOLDINGS, INC, et al., Defendants. | Case No. 16-cv-02933-VC<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 59, 66, 69 |
|---|---|

    1. The motion to seal associated with the motion to strike is denied without prejudice for failure to comply with Civil Local Rule 79-5(d)(1)(D). *See* Dkt. No. 66. The unredacted versions of the documents must indicate with highlighting or otherwise the portions of the documents the defendants believe should be redacted.

    2. The motion to seal the plaintiff's memorandum of law and the motion to seal the exhibits to plaintiff's memorandum of law are denied without prejudice. *See* Dkt. Nos. 59, 69.

    For exhibits 8 through 10, the parties at a minimum failed to comply with Civil Local Rule 79-5(d)(1)(D).

    For exhibits 1 through 7 and the memorandum of law, the parties have not articulated "compelling reasons supported by specific factual findings" to justify sealing the information in those documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The parties' arguments are largely boilerplate claims that disclosure would harm Dimensional Holdings' competitive standing. But courts cannot rely on "hypothesis or conjecture" to justify the sealing of court documents. *Center for Auto Safety v. Chrysler Group,*

*LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The parties do not explain, for example, why the number of non-employee shareholders or shareholders of record, or the amount in dividends that some shareholders receive annually, would cause Dimensional Holdings, Inc. considerable harm, or how Dimensional Holdings' competitors could use that information to their advantage.  Nor do they cite authority for this proposition.

The parties also argue that Dimensional Holdings otherwise keeps this information private.  Of course, the mere fact that information is not publicly available or was designated as confidential by a party, without more, is not a compelling reason to seal that information.  If the parties are arguing that nonparty shareholders can reasonably expect that their ownership stake in Dimensional Holdings will remain private, the parties should explain why that expectation is reasonable, and whether there is a legal basis for that expectation.

Additionally, in the parties' current motion, Gregory Hinkle declared that Exhibit 4 and Exhibit 7 contain "personal contact information."  Dkt. No. 59-1 at ¶ 13.  Neither document appears to have any personal contact information.

With respect to exhibits 1 through 7, the parties also did not narrowly tailor their request, as required by Civil Local Rule 79-5(d)(1)(B).  *Compare* Dkt. No. 59-5 at 1 *with* Dkt. No. 66-7.  If there is sealable information within these documents, the sealable information can be redacted.

3.  Any renewed motion to seal must be filed by January 5, 2018.  The parties should only file a single motion.  Each version of each exhibit should be filed on the docket as a separate attachment.  If the parties do not file a renewed motion, the parties must file unredacted versions of the documents that they sought to seal on the public docket by January 12, 2018.

**IT IS SO ORDERED.**

Dated: December 22, 2017

_____
VINCE CHHABRIA
United States District Judge